IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

| | | |
|---|---|---|
| MATTHEW JAMES SEALEY, | ) | |
| Petitioner, | ) ) | |
| v. | ) ) | No. 1:19-cv-01277-STA-jay |
| DARREN SETTLES, | ) ) | |
| Respondent. | ) ) | |

**ORDER DIRECTING CLERK TO MODIFY RESPONDENT,
DISMISSING § 2254 PETITION WITHOUT PREJUDICE,
DENYING PETITIONER'S MOTIONS AS MOOT,
DENYING CERTIFICATE OF APPEALABILITY, AND
DENYING LEAVE TO APPEAL *IN FORMA PAUPERIS***

Before the Court for preliminary review is Petitioner Matthew James Sealey's *pro se* 28 U.S.C. § 2254 habeas corpus petition (the "Petition"). (ECF No. 1.) Also before the Court are Petitioner's two motions for leave to proceed in forma pauperis (ECF No. 2; ECF No. 7), motion for change of venue (ECF No. 8), motion to dismiss the conviction (ECF No. 9), "Motion on Discrimination" (ECF No. 10), and "Motion to Subpoena Cell Phone" (ECF No. 11). For the following reasons, the Petition is **DISMISSED** and the motions are **DENIED** as moot.[1]

A federal court may not grant a writ of habeas corpus on behalf of a state prisoner unless, with certain exceptions, the prisoner has exhausted available state remedies by presenting the same claim sought to be redressed in a federal habeas petition to the state courts. 28 U.S.C. §§ 2254(b)–(c); *Cullen v. Pinholster*, 563 U.S. 170, 181 (2011). Ordinarily, a prisoner must exhaust each of

---

[1] The Clerk is **DIRECTED** to substitute Darren Settles for the Madison County Jail as Respondent. *See* Fed. R. Civ. P. 25(d); *Rumsfeld v. Padilla*, 542 U.S. 426, 434–35 (2004).

the claims he intends to present in a federal habeas petition before the petition is filed. *Rose v. Lundy*, 455 U.S. 509, 520 (1982) ("[O]ur interpretation of §§ 2254(b), (c) provides a simple and clear instruction to potential litigants: before you bring any claims to federal court, be sure that you first have taken each one to state court.").

Although the Court has discretion, in limited circumstances, to stay "mixed" petitions containing both exhausted and unexhausted claims, *Rhines v. Weber*, 544 U.S. 269, 277 (2005), the Petition in the present case is not mixed, as none of the claims presented has been exhausted. The Petition reflects that Sealey is challenging his convictions obtained in the Madison County Circuit Court, Jackson, Tennessee, on October 17, 2019. (ECF No. 1 at 1.) His direct appeal is currently pending before the Tennessee Court of Criminal Appeals. (*Id.* at 6.)

Because the Petition is premature, it is **DISMISSED** without prejudice to its refiling after state-court proceedings have concluded. The pending motions are **DENIED** as moot.

## APPEAL ISSUES

A § 2254 petitioner may not proceed on appeal unless a district or circuit judge issues a certificate of appealability ("COA"). 28 U.S.C. § 2253(c)(1); Fed. R. App. P. 22(b)(1). A COA may issue only if the petitioner has made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2)–(3). A substantial showing is made when the petitioner demonstrates that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Miller-El v. Cockrell,* 537 U.S. 322, 336 (2003) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)).

> If the petition was denied on procedural grounds, the petitioner must show, "at least, that jurists of reason would find it debatable whether the petition states a valid claim of the

2

denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling."

*Dufresne v. Palmer*, 876 F.3d 248, 252–53 (6th Cir. 2017) (per curiam) (quoting *Slack*, 529 U.S. at 484).

In this case, reasonable jurists would not debate the correctness of the Court's decision to dismiss the Petition. Because any appeal by Petitioner does not deserve attention, the Court **DENIES** a certificate of appealability.

Pursuant to Federal Rule of Appellate Procedure 24(a), a party seeking pauper status on appeal must first file a motion in the district court, along with a supporting affidavit. Fed. R. App. P. 24(a). However, Rule 24(a) also provides that if the district court certifies that an appeal would not be taken in good faith, the prisoner must file his motion to proceed *in forma pauperis* in the appellate court. *Id.*

In this case, for the same reason it denies a COA, the Court **CERTIFIES**, pursuant to Rule 24(a), that any appeal in this matter would not be taken in good faith. Leave to appeal *in forma pauperis* is therefore **DENIED**.[2]

    **IT IS SO ORDERED**.

    s/ S. Thomas Anderson
    S. THOMAS ANDERSON
    CHIEF UNITED STATES DISTRICT JUDGE

    Date: March 2, 2020.

---

[2] If Petitioner files a notice of appeal, he must also pay the full $505.00 appellate filing fee or file a motion to proceed *in forma pauperis* and supporting affidavit in the Sixth Circuit Court of Appeals within thirty days.